IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JONATHAN DUNN, # 465320, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-cv-00578 |
| | ) | |
| DARON HALL, *et al.*, | ) | Judge Richardson |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Jonathan Dunn, who is currently in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, filed a pro se complaint alleging violations of his civil rights. (Doc. No. 1).

Plaintiff has also filed an Application for Leave for Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 2). On June 26, 2025, the Court notified Plaintiff that the IFP Application was deficient because Plaintiff had failed to "submit a certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint. . . ." 28 U.S.C. § 1915(a)(2). (Doc. No. 6). Plaintiff then submitted a certified copy of his trust fund account statement, but not for the correct dates. (Doc. No. 7 at 2). The Court therefore ordered Plaintiff to submit a certified trust account statement for the correct dates. (Doc. No. 14). Now, Plaintiff has submitted an apparent trust account statement that covers the correct dates, but it is not certified. (Doc. No. 15-1).

Plaintiff has also filed a motion (Doc. No. 15) seeking a Court order to compel the Defendants to certify his trust account statement. That motion is **DENIED** without prejudice.

Plaintiff has not demonstrated that he has taken the appropriate steps to request certification from the proper officials.[1]

To proceed as a pauper, Plaintiff **MUST** submit the required certified statement for the correct dates within 30 days of entry of this Order. Alternatively, he may submit the full filing fee by the same deadline. If, after seeking a certified copy of his trust account statement through the proper channels, Plaintiff is unable to obtain one, he should submit an affidavit (or declaration under penalty of perjury under 28 U.S.C. § 1746) detailing the steps he has taken in his attempt to obtain one. At minimum, this affidavit (or declaration) should include the names of the official (or officials) Plaintiff has asked, the dates of his requests, the form of his requests—whether in person, in writing, or by some other means—and the official's (or officials') responses.

Plaintiff may request an extension of time to comply with this Order before the 30-day deadline. Plaintiff is warned that if he does not comply with this Order within the time specified, the Court may deny his IFP Application and dismiss this action.

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff alleges that Defendant Daron Hall is the Davidson County Sheriff, Defendant John Howard is a Captain at the Davidson County Jail, Defendant John Doe is the jail's Mail Clerk Supervisor, and Defendant Jane Doe is a mail clerk at the jail. (Doc. No. 1 at 2−3). It is not apparent that any Defendant would, in the ordinary course, be responsible for certifying an institutional trust account statement.